IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RYAN O. DAVIS, #1108060**

    Petitioner,

v.

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

Case No. 2:21cv350

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Ryan O. Davis's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Amended Motion to Dismiss, ECF No. 16. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Amended Motion to Dismiss, ECF No. 16, be **GRANTED**, and the Petition, ECF No. 1 be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2017, Petitioner was convicted by a jury of murder in the first degree in the Circuit Court of Sussex County (the "Trial Court") after previously having been convicted of two violent felonies. ECF No. 1 at 1; *Davis v. Commonwealth*, No. 0615-17-2, 2018 WL 3430966, at *5 (Va. Ct. App. July 17, 2018). The Trial Court sentenced Petitioner to life in prison. ECF No. 1. Petitioner appealed his conviction to the Court of Appeals of Virginia, and by decision dated July 17, 2018, the Court of Appeals of Virginia affirmed Petitioner's conviction. ECF No. 1; *Davis*, 2018 WL 3430966, at *9. Petitioner appealed to the Supreme Court of Virginia, and on June 24, 2019, the Supreme Court of Virginia refused his appeal. *Davis v. Commonwealth*, No. 181621, at 1 (Va. June 24, 2019). Petitioner also filed a motion for rehearing, which the Supreme Court of Virginia refused on October 11, 2019. ECF No. 1 at 2; ECF No. 14 at 1. Petitioner did not file a petition for writ of certiorari in the United State Supreme Court. *See* ECF No. 1 at 3.

On December 28, 2020, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. ECF No. 1 at 3; ECF No. 14 at 6. The Supreme Court of Virginia found that the petition was untimely as it was "not filed from the October 11, 2019 final disposition of petitioner's direct appeal" in violation of Va. Code § 8.01-654(A)(2). *Davis v. Kiser*, No. 201553, at 1 (Va. May 19, 2021). Accordingly, on May 19, 2021, the Supreme Court of Virginia procedurally dismissed the petition. *Id.* Petitioner filed a motion for rehearing of his state habeas petition on June 17, 2021, which the Supreme Court of Virginia refused on October 7, 2021. *Davis v. Kiser*, No. 201553, at 1 (Va. Oct. 7, 2021).

On June 24, 2021, the Court received the instant *pro se* § 2254 Petition for federal habeas relief. ECF No. 1. On September 20, 2021, Respondent filed an Amended Motion to Dismiss,

an Amended Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 14–16. Petitioner filed a response to the Motion to Dismiss. ECF No. 20. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

*1. Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV. A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). As Respondent notes, this case is governed by the limitation period set forth in the AEDPA. ECF No. 14 at 4. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) of the AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions such as the instant Petition are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A).

2. *The Petition is untimely.*

In the instant matter, Petitioner's judgment became final on January 9, 2020, when his time to file a petition for writ of certiorari with the United States Supreme Court expired. Sup. Ct. R. 13.1 (stating that a petition for writ of certiorari must be filed within 90 days of judgment); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired) (citing 28 U.S.C. § 2244(d)(1)(A)). Applying the one-year AEDPA deadline, Petitioner's statute of limitations for filing a petition for federal habeas corpus relief under 28 U.S.C. § 2244(d)(1)(A) expired on January 10, 2021. The instant Petition was filed June 1, 2021,[1] which is 142 days (or 4 months, and 22 days) beyond the 365-day (one-year)

---

[1] Although the Petition was received by the United States District Court for the Eastern District of Virginia in the Norfolk Division on June 24, 2021, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an

4

deadline provided by the AEDPA. Accordingly, unless Petitioner is entitled to application of either statutory tolling or equitable tolling, the untimeliness of the Petition bars this Court's review of the same.

### 3. *Petitioner is not entitled to statutory tolling.*

As explained in Part II.A1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one-year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) are unavailable to Petitioner. To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling. *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Petitioner's state habeas petition was dismissed by the Supreme Court of Virginia as untimely. *Davis v. Kiser*, No. 201553, at 1 (Va. May 19, 2021). Because Petitioner's state habeas petition was not properly filed, it does not entitle him to any statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Petitioner argues that his petition was tolled as a result of certain emergency orders that the Supreme Court of Virginia issued in response to the COVID-19 pandemic. ECF No. 1 at 13,

---

incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

5

16–18. Between March 16, 2020, and July 8, 2020, the Supreme Court of Virginia issued a number of orders declaring and extending a judicial emergency in response to the COVID-19 pandemic (the "Emergency Orders"). *See Supreme Court of Virginia Orders of Judicial Emergency in Response to COVID-19 Emergency*, https://www.vacourts.gov/news/items/covid/scv_emergency_orders.pdf (orders dated March 16, 2020–July 8, 2020). However, despite Petitioner's contentions, those extensions of statutes of limitations were generally limited to "district and circuit courts" and not petitions for writs of habeas corpus filed with the Supreme Court of Virginia. *See e.g., In Re*: Sixth Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency, Jun. 22, 2020, https://www.vacourts.gov/news/items/covid/2020_0622_scv_sixth_order.pdf (ordering that, consistent with the First, Second, Third, Fourth, and Fifth Orders ... "for all cases in district and circuit courts, the statutes of limitation and, except as otherwise provided in this Order, all other case-related deadlines, excluding all discovery deadlines, shall continue to be tolled during the ongoing Period of Judicial Emergency (March 16, 2020, through July 19, 2020)"). While the Third Order further made specific exceptions with respect to Part Five of the Rules of the Supreme Court of Virginia, none of those exceptions applied to Rule 5:7, which sets forth the procedure with respect to petitions for writs of habeas corpus under the Supreme Court of Virginia's original jurisdiction. *See In Re*: Third Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency, Apr. 22, 2020, https://www.vacourts.gov/news/items/covid/2020_0422_scv_order_extending_declaration_of_judicial_emergency.pdf.[2] Additionally, by denying his petition as untimely, the Supreme Court of Virginia implicitly determined that the Emergency Orders did not operate to

---

[2] The Third Order Extending Declaration of Judicial Emergency specifically tolled the deadlines for "filing the notice of appeal in the circuit court under Rule 5:9 and all filing deadlines in the circuit court pertaining to transcripts and written statements of fact as set forth in Rule 5:11, and for filing the petition for appeal in this Court under Rule 5:17(a)(1), for the total number of days of the Period of Judicial

toll Petitioner's statute of limitations with respect to his state habeas petition. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Accordingly, this Court cannot second-guess the Supreme Court of Virginia's interpretation of its own Emergency Orders and statutes of limitations.

Having determined that statutory tolling is unavailable to Petitioner, the undersigned considers Petitioner's final refuge: equitable tolling.

*4. Petitioner is not entitled to equitable tolling.*

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid*, 2018 WL 1937349, at *3 (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

---

Emergency." *See In Re*: Third Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency, Apr. 22, 2020, https://www.vacourts.gov/news/items/covid/2020_0422_scv_orde r_extending_declaration_of_judicial_emergency.pdf.

Petitioner acknowledges that the Petition is untimely, but argues that the Supreme Court of Virginia should have found his state habeas petition timely based on the Emergency Orders. ECF No. 1 at 16–18. However, as explained above, except with respect to certain types of actions that do not apply here (*see supra* note 2), those orders only applied to statutes of limitations in district and circuit courts, and did not apply to petitions for writs of habeas corpus filed with the Supreme Court of Virginia. Petitioner does not explain any other "extraordinary circumstance" that stood in the way of his timely filing, or any specific details about what steps he took to diligently pursue his federal habeas claim.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to be applied only in rare circumstances. *See Rouse*, 339 F.3d at 246 ("We believe, therefore that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Ultimately, Petitioner has failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014). Accordingly, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Amended Motion to Dismiss, ECF No. 16, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 28, 2022