UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RYAN O. DAVIS, #1108060,

    Petitioner,

    v.

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

Case No. 2:21cv350

## **ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1. In his Petition, the *pro se* Petitioner alleges violation of federal rights pertaining to his conviction in the Circuit Court for Sussex County for first-degree murder. As a result of the conviction, Petitioner was sentenced to life imprisonment.

The Petition was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Rule 72, and the April 2, 2002, Standing Order of Assignment of Certain Matters to United States Magistrate Judges. In a Report and Recommendation filed June 28, 2022, the Magistrate Judge recommended dismissal of the Petition with prejudice as untimely. ECF No. 27. Petitioner filed timely objections to the Report and Recommendation. ECF No. 28 (noting that document was delivered to prison officials for mailing July 12, 2022). Respondent initially did not file a response, but after being directed to respond

1

by the Court, ECF No. 29, Respondent filed a response on November 1, 2022. ECF No. 31. Petitioner filed a reply on December 9, 2022. ECF No. 35.

The Court has reviewed the record and the Report and Recommendation, as well as the objections filed by Petitioner and the subsequent briefing. Upon *de novo* review of the matters objected to, the Court finds that the Report and Recommendation reaches the correct conclusion of untimeliness and thus correctly recommends dismissal of the Petition. Specifically with regard to Petitioner's equitable tolling argument, the Court finds that equitable tolling should not be applied to any time period between the conclusion of Petitioner's direct appeal and the filing of his Petition in this Court. Petitioner insists at length that the Virginia Supreme Court made a mistake by denying his state-court petition as untimely, but a misunderstanding of the filing rules in state court is not the kind of extraordinary circumstance that may excuse untimely filing in federal court. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Quiroga v. Clarke*, No. 3:20cv536, 2021 WL 2231236, at *5 (E.D. Va. June 2, 2021) ("[M]isunderstanding of the limitation period is not an extraordinary circumstance."). Moreover, as noted by the Magistrate Judge, "it is not the province of a federal court to reexamine state-court determinations on state-law questions." ECF No. 27 at 7 (quoting *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). In addition, as to Petitioner's separate argument that the COVID-19 pandemic prevented him from making a timely filing, the Court finds that he has not made a sufficient showing, in part based on his demonstrated ability to complete and

file a petition, which was only untimely due to his misunderstanding of the deadline, during the period in question.[1]

Accordingly, the Court does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Report and Recommendation. It is further **ORDERED** that Respondent's Amended Motion to Dismiss, ECF No. 16, is **GRANTED**, and the Petition, ECF No. 1, is **DISMISSED WITH PREJUDICE**

The Court finding that the procedural basis for dismissal of Petitioner's § 2254 petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within thirty (30) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the

---

[1] The Court notes that numerous courts in this district have held that the COVID-19 pandemic is not a sufficient reason to grant equitable tolling of a habeas corpus petition. *See, e.g.*, *Day v. White*, No. 1:22cv2, 2022 WL 4585522, at *5 (E.D. Va. Sept. 29, 2022); *Smith v. Warden*, No. 3:21cv355, 2021 WL 4975068, at *3 (E.D. Va. Oct. 26, 2021); *Shea v. Clark*, No. 1:22cv198, 2023 WL 1928772, at *7 (E.D. Va. Feb. 10, 2023).

United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and to counsel of record for the Respondent.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

March 31, 2023
Norfolk, Virginia